UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**ANDREW L. EDELEN**   PLAINTIFF

**v.**   **CIVIL ACTION NO. 4:20-CV-P94-JHM**

**KEVIN MAZZA**   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed in part and allowed to continue in part.

### I.

Plaintiff is a state prisoner incarcerated at Green River Correctional Complex (GRCC). He sues Defendant GRCC Warden Mazza in both his official and individual capacities.

Plaintiff makes the following allegations in the complaint:

On March 25, 2020, two employees at [GRCC] tested positive. On April 5, 2020, the first inmate at [GRCC] tested positive. With this information: [Defendant], knowing the aggressive spread of covid-19 should have completely locked the prison down to prevent further spread, but he did not until covid-19 spread throughout the prison.

No plan was executed until after the covid-19 virus was spreading and beyond control or containment. The result is over 350 inmates and employees testing positive for covid-19.

April 12, 2020, two inmates placed on isolation due to symptoms of covid-19 . . . Officer Nelson allowed these inmates to participate in going to the cafeteria with other inmates to eat. This exposed myself and others to the virus. The prison corrected the problem. But the cafeteria was not properly sanitized which exposed the inmates and employees and the food.

Throughout these times several inmates sneak out of there cells without permission . . .

> May 7, 2020, I was informed [] I was positive for covid-19.  After being tested, re-tested, and awaiting results, today, June 8, 2020, positive inmates from covid-19 are among us, allowed to participate in recreation with us . . .
>
> This virus spread only because the [Defendant] did not act logical.  Convicted or not, I have a right to be treated in a humane manner.
>
> As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent'

with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claim

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Defendant Mazza, as the warden at GRCC, is a state official. State officials sued in their official capacities for damages are absolutely immune from § 1983 liability under the Eleventh

Amendment.[1]  *Id*. at 169 ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").  In addition, when a state official is sued in his official capacity for monetary damages, he is not a "person" subject to suit within the meaning of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Accordingly, Plaintiff's official-capacity claim against Defendant Mazza will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

### B. Individual-Capacity Claim

Based upon Plaintiff's allegations, the Court will allow an Eighth Amendment claim to proceed against Defendant Mazza in his individual capacity.  In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claim against Defendant Mazza is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) & (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

The Court will enter a separate Service and Scheduling Order to govern the development of the claim it has allowed to proceed.

Date:   June 30, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011

---

[1] The Eleventh Amendment provides that "[T]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.